UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RIMOWA GMBH,

Plaintiff,

v.

TACONY CORPORATION,

Defendant.

Civil Action No.

**COMPLAINT**

Plaintiff RIMOWA GMBH (hereinafter referred to as "RIMOWA" or the "Plaintiff"), by its attorneys, Dale C. Kerester, Esq., of the firm of Lynch, Brewer, Hoffman & Fink, LLP, and  William E. O'Brien, Esq., of the Law Office of William E. O'Brien, for its complaint against Defendant TACONY CORPORATION (hereinafter referred to as "TACONY" or the "Defendant") alleges as follows:

**INTRODUCTION**

1.      This is an action in law and equity for trademark infringement, false designation of origin, and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition under the common law.  As is set forth below, RIMOWA, which manufactures and distributes luggage, traveling cases and suitcases, trunks, and briefcases, is the owner of a federal trademark registration for its distinctive pattern of comprised of uniformly spaced horizontal ridges and grooves (the "Mark") that run across and around all of its luggage products.  TACONY, a competitor of RIMOWA, recently adopted and began using a mark and/or design on its OMNIGLIDE hard sided machine luggage line of products that is almost identical to the Mark.  Upon information and belief, TACONY is promoting, marketing, offering for sale and selling these luggage products in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of their products. Upon

information and belief, TACONY' actions are part of a deliberate attempt to divert sales away from RIMOWA.  These actions will continue unless enjoined by this Court.

## PARTIES

2.     Plaintiff, RIMOWA GMBH (hereinafter referred to as "RIMOWA" or the "Plaintiff"), is a German corporation with its principal place of business in Cologne, Germany.  At all relevant times, RIMOWA has been in the business of manufacturing and distributing luggage, traveling cases and suitcases, trunks, and briefcases. RIMOWA advertises, promotes, sells and distributes its products in interstate and international commerce, specifically including in the Commonwealth of Massachusetts. RIMOWA has been in business since 1898.

3.     Upon information and belief, TACONY Corporation (hereinafter referred to as "TACONY" or the "Defendant") is a Missouri corporation with a principal place of business in Fenton, Missouri.  Upon information and belief, TACONY has at all relevant times been in the business of manufacturing and distributing hard sided machine luggage among other things.  Upon information and belief, TACONY advertises, promotes, sells, and distributes its products in interstate and international commerce, specifically including in the Commonwealth of Massachusetts.  TACONY has committed acts of infringement and unfair competition in this District, and is causing injury to RIMOWA in this District.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121 because RIMOWA asserts claims arising under the Lanham Act of 1946, as amended, 15 U.S.C. §1051, *et seq.*

2

5.     This Court also has original jurisdiction pursuant to the provisions of 28 U.S.C. 1338(b) because RIMOWA's claims for common law trademark and trade dress infringement and common law unfair competition are claims under Massachusetts law and are joined with a substantial and related claim under the trademark laws of the United States.

6.     This Court has supplemental jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the other claims in this case over which the Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) and 1400(a) because a substantial part of the acts of infringement and unfair competition which give rise to RIMOWA's claims occurred in this district and victims of the infringing activities may be found in this district.

8.     Personal jurisdiction is this District is proper in that TACONY transacts business in the Commonwealth of Massachusetts, contracts to provide services or things in the Commonwealth of Massachusetts, regularly does or solicits business in the Commonwealth of Massachusetts, and derives substantial revenue from goods used or consumed in the Commonwealth of Massachusetts.

## FACTS COMMON TO THE COUNTS

### The Mark

9.      Since at least 1950, prior to the acts of TACONY complained of herein, RIMOWA has been using a distinctive design in connection with the manufacture, advertising, and sale of its luggage products, which such design is easily recognizable and distinguishable from other luggage products.

10.     More specifically, RIMOWA has used distinctive pattern comprised of horizontal ridges and grooves on its products since at least 1950 and since at least 1985 in the United States, specifically including the following:

   a.      mutually parallel ridges extending from an outer surface of a suitcase in a three-dimensional manner;

   b.      a plurality of flat planar surfaces extending in a strip shape between the ridges;

   c.      the outer surface of the suitcase is formed by the plurality of flat planar surfaces from which the ridges extend; and

   d.      the three-dimensionally extending ridges are uniformly distributed across the outer surface.

A true and accurate copy of a RIMOWA advertising sheet is attached hereto as Exhibit A and incorporated herein.

11.     Rimowa manufactures and sells several lines of luggage products. These product lines are designated as TOPAS, TOPAS TITANIUM, SALSA, SALSA DELUXE, SALSA AIR, BOLERO, PILOT, ATTACHE, LIMBO, SILVER INTEGRAL and CLASSIC FLIGHT.

4

12.     RIMOWA's products comprise or constitute a distinctive trade dress consisting of the overall appearance of its luggage, the most distinctive element of which is a pattern comprised of ridges and grooves that appear on the luggage and also including the placement and appearance of rollers and roller housings, handles and trolley bars, locks, and corner protectors or outlined corner protectors.

13.     RIMOWA is the owner of a federal trademark registration for the distinctive combination of ridges and grooves that run across and around RIMOWA's luggage products.

14.      More specifically, RIMOWA is the owner of United States Patent and Trademark Office registration number 3,949,886, registered on April 26, 2011 on the Principal Register, for the mark consisting of the horizontal bands that run across and around RIMOWA's luggage products for carrying cases for photographic equipment in international class 9 and for luggage, traveling cases and suitcases, trunks and briefcases in international class 18 (This registration is referred to herein as the "Principal Registration").   RIMOWA is also the owner of United States Patent and Trademark Office registration number 2,583,912, registered on June 18, 2002 on the Supplemental Register, for the mark consisting of the horizontal ribs that run across and around RIMOWA's luggage products for carrying cases for photographic equipment in international class 9 and for luggage, traveling cases and suitcases, trunks and briefcases in international class 18 (This registration is referred to herein as the "Supplemental Registration"). (These registrations and the trademarks and trade dress described above, and each of them, are referred to jointly herein as the "Marks").

15.     A copy of the registration certificates for the Marks are attached hereto as Exhibit B and incorporated herein.

16.    The Principal Registration was registered on April 26, 2011, with a first use date of at least as early as 1950 and a first use date in the United States of at least as early as 1985.

17.    The Principal Registration has also been registered with the U.S. Customs and Border Protection Agency.

18.    The Supplemental Registration was registered on June 18, 2002, with a first use date of at least as early as 1950 and a first use date in the United States of at least as early as 1985.

19.    RIMOWA has continuously used and continues to use the Marks in connection with all goods and services reflected in the registration, both in the U.S. and internationally.

20.    RIMOWA uses the Marks on all of its luggage products.

21.    The product features that make up the Marks, specifically including the distinctive pattern comprised of ridges and grooves, are non-functional and non-essential to the use or purpose of the luggage products.

22.    RIMOWA has continuously, and without interruption, used the Marks in connection with, and to indicate the source of, its products.

23.    RIMOWA has established considerable reputation and goodwill in the Marks in the United States and elsewhere.

24.    RIMOWA has made a substantial investment in the promotion and protection of the Marks and considers the Marks among its most important and valuable assets.

25.    RIMOWA has expended considerable time and money in promoting products with such design in its advertising and promotions so that the public associates such design with RIMOWA and its reputation for workmanship, quality, and durability.

26.     RIMOWA has advertised, promoted, marketed, and sold its products containing the Marks throughout the United States via the internet and by other means of marketing, including:

a.      Rimowa.com;

b.      Authorized resellers (internet and retail locations);

c.      Advertisements in printed media, specifically including but not limited to travel publications;

d.      Advertising brochures;

e.      Participation at trade shows;

f.      Trade publications;

g.      Product placement in movies and television; and

h.      Public figure placements.

27.     The distinctive pattern comprised of ridges and grooves have acquired secondary meaning in that it is unique and distinctive and has come to be associated by the trade and consuming public exclusively with RIMOWA.

28.     The distinctive pattern comprised of ridges and grooves have come to signify RIMOWA as the source of luggage having the same or similar characteristics.

29.     RIMOWA's Marks are inherently distinctive to the public, and serve as a designator of origin of products emanating from or sponsored or licensed by RIMOWA.

30.     As a result of the widespread use and display of the Marks and trade dress, (a) the public and the trade use them to identify and refer to RIMOWA, (b) the public and the trade recognize that such designations refer to a high quality product emanating from a single source, and (c) said trademark and related trade dress have built up secondary meaning and extensive goodwill.

7

31.     The Mark is famous and represents valuable goodwill owned by RIMOWA.

### Infringement and Unfair Competition

32.     Upon information and belief, in or about the spring of 2011, notwithstanding RIMOWA's prior rights in the Marks, TACONY adopted a virtually identical mark.

33.     TACONY has manufactured, advertised, and/or offered for sale, and sold and/or distributed in interstate commerce, either directly to the public or through distributors, luggage products containing a mark and/or design bearing a shape, style, and overall appearance which is the same or confusingly similar to the shape, style and overall appearance of the Marks.

34.     More specifically, TACONY has adopted and begun using a mark and/or design on its OMNIGLIDE line of luggage products that is almost identical to the Marks, including

    a.     mutually parallel ridges extending from or grooves sunk into an outer surface of a suitcase in a three-dimensional manner;

    b.     a plurality of flat planar surfaces extending in strip shape between the ridges or grooves;

    c.     the outer surface of the suitcase forms the planar surface from which the ridges or grooves extend inward or outward; and

    d.     the three-dimensionally extending ridges and sunk-in grooves are substantially uniformly distributed across the outer surface.

35.     A true and accurate copy of a advertising sheet displaying the Tacony Omniglide luggage products is attached hereto as Exhibit C and incorporated by reference.

36.     There is no discernible difference between the marks used on the TACONY' luggage cases and those found on RIMOWA's products.

37.     Upon information and belief, TACONY has advertised, promoted, marketed, and sold such sewing machine cases through a network of dealers and via the internet and by other means of marketing substantially similar to the means used by RIMOWA.

38.     Upon information and belief, TACONY markets its products in the same geographic locations as does RIMOWA, including Massachusetts.

39.     Upon information and belief, RIMOWA's products and TACONY' products are sold in the same channels of trade in this District and elsewhere.

40.     Since both trademarks and the goods/services upon which the marks appear are almost identical, there is a strong likelihood that consumers will be confused.

41.     TACONY is not an authorized user of the Marks.

42.     TACONY has improperly and illegally adopted the use of the mark for the sale of luggage and case products in the United States, specifically including Massachusetts.

43.     Upon information and belief, TACONY had knowledge of the Marks and of RIMOWA's commercial success selling products containing the Marks.

44.     Upon information and belief, TACONY willfully, knowingly, deliberately, fraudulently, and with conscious disregard of RIMOWA's rights in the

Marks, manufactured, advertised, and/or offered for sale and sold luggage

products imitating the Marks.

45.     TACONY's actions as alleged are intended to, and are likely to cause

confusion, mistake or deception as to the source of origin of TACONY's goods and

services in that the public, the trade and others are likely to believe TACONY's goods

and services are the same as RIMOWA's goods and/or services, or are authorized,

sponsored or approved by RIMOWA, or are otherwise affiliated or connected with

RIMOWA and/or its valuable trademarks and trade dress.

46.     TACONY's actions, as alleged, have caused, and will continue to cause

irreparable harm to RIMOWA and its valuable trademarks and trade-dress, and to the

business and substantial goodwill represented thereby, and said acts and damage will

continue unless restrained by this Court.

**COUNT ONE**
**TRADEMARK INFRINGEMENT AND**
**FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT**

47.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1

through 46 as though fully set forth herein.

48.     TACONY's acts as alleged constitute trademark infringement, false

designation of origin, false representation and false description in violation of the

Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable

injury of the public and of RIMOWA's business reputation and goodwill.

49.     In view of the association by the public of the Marks with RIMOWA and

its products, TACONY' use of nearly identical combination of horizontal ridges and

grooves as used on identical and/or related products is causing and is likely to cause

confusion, mistake, and deception of the relevant public as to whether TACONY'

products and services emanate from, or are sponsored or approved by, RIMOWA.

50.     The conduct of TACONY complained of herein constitutes trademark

infringement, all of which has damaged and will continue to damage irreparably

RIMOWA's valuable goodwill unless enjoined by this Court.

51.     As result of TACONY' conduct, RIMOWA has suffered and will continue

to suffer monetary damages in an amount not yet determined.


## COUNT TWO
## TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT

52.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1

through 51 as though fully set forth herein.

53.     TACONY's unauthorized use of a trade dress on its products is

confusingly similar to the trade dress used by RIMOWA on its products and constitutes

trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §

1125, to the substantial and irreparable injury of the public and of RIMOWA's business

reputation and goodwill.

54.     Upon information and belief, by such wrongful acts, TACONY has and

unless restrained by the Court, will continue to cause serious irreparable injury and

damage to RIMOWA and to the goodwill associated with its distinctive trade dress,

including diversion of customers, lost sales and lost profits.

55.     As result of TACONY' conduct, RIMOWA has suffered and will continue

to suffer monetary damages in an amount not yet determined.


## COUNT THREE
## COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT

11

56.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 55 as though fully set forth herein.

57.     RIMOWA owns and enjoys common law trademark rights in the overall commercial impression and presentation of its product design and trade dress.

58.     RIMOWA's product design and trade dress rights are superior to any rights that TACONY may claim in said product design and/or trade dress with respect to TACONY products.

59.     In view of the association by the public of the Mark with RIMOWA and its products, TACONY's use of a nearly identical combination of horizontal ridges and bands for closely related products is causing and is likely to cause confusion, mistake, and deception of the relevant public as to whether TACONY's products and services emanate from, or are sponsored or approved by, RIMOWA.

60.     The conduct of TACONY complained of herein constitutes common law trademark and trade dress infringement, all of which has damaged and will continue to damage irreparably RIMOWA's valuable goodwill unless enjoined by this Court.

61.     As result of TACONY's conduct, RIMOWA has suffered and will continue to suffer monetary damages in an amount not yet determined.

**COUNT FOUR**
**DILUTION OF TRADEMARKS UNDER 15 U.S.C. §1125(C)**

62.     RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 60 as though fully set forth herein.

63.     Through TACONY' unauthorized use of the Marks and trade dress in connection with the infringing products, TACONY has intended to cause, has caused,

12

and are likely to continue to cause dilution of the distinctive quality of the Marks and trade dress in violation of 15 U.S.C. §1125(c).

64.    TACONY' conduct is intended to trade upon RIMOWA's reputation and is likely to tarnish or injure RIMOWA's business reputation.

65.    Unless enjoined by the Court, TACONY' use of the foregoing Marks and trade dress will continue to cause irreparable and continuing harm to RIMOWA in the diminution of their value and goodwill, and in their impairment to serve as designations of source, for which RIMOWA has no adequate legal remedy.

*66.*    As a direct and proximate result of TACONY' wrongful conduct, RIMOWA has been and will continue to be damaged by, without limitation, a diminution in the value of the Marks and trade dress, and in their reputation and goodwill.


**COUNT FIVE**
**COMMON LAW UNFAIR COMPETITION**

67.    RIMOWA repeats and re-alleges each and every allegation of paragraphs 1 through 66 as though fully set forth herein.

68.    TACONY' aforementioned acts are likely to cause confusion, misrepresentation and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between TACONY and RIMOWA and constitutes unfair competition under the common law.

69.    RIMOWA has been damaged by TACONY's aforementioned acts.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order of the Court:

13

A.      Granting a preliminary and permanent injunction restraining TACONY, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

       i)      making, using, offering for sale, selling or distributing any products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as the Mark; and

       ii)      unfairly competing with RIMOWA in any manner.

B.      Directing TACONY to use its best efforts to recall from the trade and other third parties any and all infringing goods and to cease any marketing, advertising and promotional materials using products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as the Mark;

C.      Directing TACONY to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which TACONY has complied with the injunction;

D.      Directing TACONY to deliver up to RIMOWA for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing goods and any promotional, marketing, advertising, and promotional materials used in connection with the sale or marketing of any goods or services, now or hereafter in its possession, custody or control;

E.      Directing TACONY to account to RIMOWA for any and all profits derived by TACONY from the sale of goods or services bearing the infringing trademark and trade dress;

F.      Awarding Plaintiff a monetary judgment against TACONY for Plaintiff's damages and TACONY's profits pursuant to 15 U.S.C. § 1117;

14

G.     Trebling the amount of such award on account of TACONY' willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

H.     Awarding Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of TACONY's intentional and willful infringement, pursuant to 15 U.S.C. § 1117; and

I.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**RIMOWA GMBH**
By its Attorneys

/s/ Dale C. Kerester

_____
Dale C. Kerester, BBO #548385
Lynch, Brewer, Hoffman & Fink LLP
75 Federal Street, 7th Floor
Boston, MA 02110
(617) 951-0800
dkerester@lynchbrewer.com

Of Counsel:
William E. O'Brien, Esq.
Law Office of William E. O'Brien, Esq.
2 Connector Road, Suite 200
Westborough, MA 01581
(781) 956 - 5363
william@masstechlawyer.com

Dated:   February 20, 2013